**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0143n.06
Filed: February 18, 2009

No. 08-3291

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ADNAN BUSHATI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MICHAEL MUKASEY, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:  MERRITT, COLE, and SUTTON, Circuit Judges.

**MERRITT, Circuit Judge.**  Petitioner Adnan Bushati, as lead petitioner, on behalf of himself, his wife and two minor children, as "derivative" petitioners, seeks review of the final order of removal issued by the Board of Immigration Appeals, which affirmed the immigration judge's denial of Bushati's petitions for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. As to the asylum issue, the question is whether we lack jurisdiction due to the untimeliness of the petition, and the withholding of removal questions are whether petitioner has made the requisite showing of "clear probability" of future persecution under the Immigration Act, 8 U.S.C. § 1231(b)(3), or the "likelihood of torture" under the U.N. Convention Against Torture, implemented by regulation issued by the Attorney General.  8 C.F.R. §

1208.18(a)(1). We conclude that the asylum petition is untimely and that petitioner has not otherwise made the requisite showing for withholding of removal.

Bushati is an Albanian citizen. In Albania, he was a member of the Democratic Party. He asserts that because of his political affiliation he was persecuted by the Albanian police at various times between 1991 and 2003. In November 2001, he legally entered the United States as a non-immigrant visitor for pleasure with authorization to stay for a period not to exceed August 6, 2002. The Bushati children entered the United States at an unknown time and place.

Bushati filed an application for asylum on June 10, 2004, two and a half years after entry, listing his wife and children as derivative applicants. Bushati and his wife were then charged with being subject to removal for staying beyond the period permitted. The children were also charged with being subject to removal as aliens who arrived without being admitted or paroled. All the Bushatis appeared before an immigration judge and, through counsel, conceded removability. The Bushatis appeared, again with counsel, at a multi-day evidentiary hearing in March 2006. On March 17, 2006, the immigration judge rendered her oral decision denying Bushati's application. (J.A. at 16.) The Bushatis timely appealed the decision to the Board of Immigration Appeals, which adopted and affirmed the immigration judge's decision in a brief opinion on February 27, 2008. (J.A. at 10.) This petition for review followed.

## I. Asylum Application Untimely

The Immigration and Naturalization Act requires that an asylum applicant "demonstrate[] by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). This requirement is subject

to exceptions in cases when "the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within" the required one-year period. 8 U.S.C. § 1158(a)(2)(D). Another section of § 1158 converts the limitations issue into a jurisdictional issue: "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding whether changed or extraordinary circumstances exist to excuse an application for asylum that is filed later than one year after entry into the United States. 8 U.S.C. § 1158(a)(3).

Bushati testified that he left Albania on November 9, 2001, and came to the United States, staying until May 2002. He testified that he returned to Albania that month because his son had been targeted by kidnappers and his father passed away. Because he could not find his Albanian passport, Bushati testified that he left the United States through Canada, flew to Greece and drove to Albania. Bushati presented no documentary or other evidence of this travel back to Albania. Bushati testified that he returned to the United States with his son in December 2003, but he had no documentation to verify the date of his return.

The immigration judge found that Bushati failed to prove that his asylum application, filed on June 10, 2004, was timely because it was filed more than one year after his last entry into the country. Based on the lack of supporting documentation or other evidence demonstrating either that Bushati left the United States in 2002 or returned in 2003, as noted above, the immigration judge found that Bushati last entered the United States in November 2001, making his asylum application in June 2004 untimely. The Board agreed with the immigration judge's finding that the asylum application was not timely filed. We conclude that this finding is well supported by the evidence.

The petitioner offers no evidence, other than his own testimony, of the trip — no passport stamps or other evidence of a series of flights to or return from Greece. We, therefore, lack jurisdiction to review the denial on the ground of untimeliness of Bushati's application for asylum.

## II. Withholding of Removal

Bushati also seeks removal of the Board's decision to deny him withholding of removal under the Immigration and Naturalization Act and the Convention Against Torture.

Bushati testified that, beginning in 1991, he became a member of the Albanian Democratic Party, which opposed the then-in-power communist regime. The Communist Party has been out of power for more than a decade, and the Democratic Party is now the governing party. Bushati testified that because of his membership in the Democratic Party, he was detained, beaten and otherwise harassed on numerous occasions between 1991 and his departure from Albania in 2001. Bushati testified that he was appointed to an election commission in June 1997 to oversee elections that year and was arrested by police. He testified that the police told him that he was beaten for reporting "stolen votes by the Socialist Party" at the polling place he was monitoring. He testified that he was arrested and beaten again in September 1997. Bushati testified that he was then arrested and detained in September 1998 for causing "turmoil" at the funeral for the then-Democratic Party leader and that he was arrested in October 2000 for reporting vote fraud in an election and participating in public demonstrations concerning the election.

The immigration judge stated that three of the documents submitted by Bushati to verify his membership in the Democratic Party were all from the same person, were dated on the same date and

contained only very general statements concerning his alleged detentions and mistreatment due to political affiliation. The immigration judge noted that none of the documents were originals. Nor did Bushati explain during the hearing how he obtained them or why the documents submitted to verify his detentions and mistreatment were all from the same person. She also noted that the generalized nature of the documents did not provide the type of specific information that can be given great weight.

In an important finding, the immigration judge also noted that the content of the documents was in conflict with the May 2001 Profile of Asylum Claims and Country Conditions, which reported that the last Albanian elections had been orderly and calm, with few incidents of violence, and that international monitors determined the election to be free and fair. The Profile also noted that political reprisals, especially of a physical nature, had been rare since 1997. She concluded that this did not support Bushati's claim that he was persecuted in 2000 as a result of his work as an election commissioner and monitor. Reports in the record, including the 2004 Profile, demonstrate the same conditions prevailed during the 2003 elections as well. The Profile reported that there is virtually no evidence that individuals were targeted on political grounds after 1997 and that Albanians had more to fear from a high crime rate.

We also take judicial notice of the most recent Country Report on Human Rights Practices in Albania, which was issued by the United States Department of State on March 11, 2008. The Report notes that there were no politically-motivated disappearances in 2007 and no reports that the government or its agents committed arbitrary or unlawful killings. The Report states that there is still some violence in Albania, but that it arises from "revenge killings, criminal gangs and organized

crime," not from the government. The police system is also described as "weak" and "corrupt," due mostly to low wages as opposed to government influence or authorization.

The immigration judge, in support of her finding that Bushati was not credible, also described specific examples of inconsistencies in Bushati's testimony that go to the heart of Bushati's claims. The specific reasons identified by the immigration judge in support of the adverse credibility finding included (1) the inconsistencies between facts in Bushati's asylum application and his testimony; (2) the failure to present any corroborating witnesses for his claims, despite the presence of his wife and children at the hearing; (3) the documents submitted to support his application were not originals, they all appeared to have been executed on the same date with three of the four documents signed by the same person; and (4) the failure of Bushati to explain the lack of corroboration, authentication or verification of any of his testimony or supporting documentation.

Because the immigration judge described inconsistencies that go to the heart of Bushati's claims, we cannot say that denial of withholding of removal under the Immigration Act or the Convention Against Torture is manifestly contrary to law. Given our deferential standard of review, we deny Bushati's petition for review of the Board's decision to deny withholding of removal.

For the foregoing reasons, we deny Bushati's petition seeking review of the Board's denial of his application for asylum and withholding of removal under the Immigration and Naturalization Act and the Convention Against Torture.